## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CLAUDIA VASQUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-527-SLP |
| | ) | |
| CREDENCE RESOURCE MANAGMENT, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Before the Court is Plaintiff's Motion to Strike Affirmative Defenses [Doc. No. 8].

Defendant has filed its Response [Doc. No. 12].  Plaintiff has not filed a reply and the time

for doing so has expired.  *See* LCvR 7.1(i).

Plaintiff moves to strike all six affirmative defenses raised by Defendant in its

Answer.  *See* Answer [Doc. No. 6] at 5, ¶¶ 1-6.  Plaintiff contends these affirmative

defenses are "insufficient, frivolous, vague, conclusory and without factual basis" under

Rule 12(f) of the Federal Rules of Civil Procedure."  Mot. [Doc. No. 8] at 3-4, 11.

Rule 12(f) of the Federal Rules of Civil Procedure authorizes a district court to

"strike from a pleading an insufficient defense or any redundant, immaterial, impertinent,

or scandalous matter."  Fed. R. Civ. P. 12(f).  Striking a portion of a pleading is a drastic

remedy and, therefore, Rule 12(f) motions are generally viewed with disfavor and

infrequently granted.  *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice*

*& Procedure*, § 1382 (3d ed. 2004) (Rule 12(f) motions "should be denied unless the

challenged allegations have no possible relation or logical connection to the subject matter

of the controversy and may cause some sort of significant prejudice to one or more parties to the action." (footnotes omitted)).

In its response, Defendant has agreed to withdraw affirmative defenses numbered 2 through 6 but contends that affirmative defense number 1 is "sufficiently pled."  Resp. [Doc. No. 12] at 1.  Based on Defendant's representation, the Court deems Plaintiff's Motion confessed as to affirmative defenses 2,3,4,5, and 6, and those affirmative defenses are stricken.

As to Defendant's affirmative defense number 1 alleging "bona fide error" under 15 U.S.C. § 1692(k),[1] Plaintiff argues the affirmative defense fails to satisfy the pleading standards of Fed. R. Civ. P. 8.[2]   The Court has previously rejected this argument.  *See Lemons v. Portfolio Recovery Assocs.*, No. CIV-23-600-SLP, 2023 WL 8704733 at * 1 (W.D. Okla. Dec. 15, 2023);  *see also Loveless v. Trueaccord Corp.*, No. CIV-24-112-SLP, 2024 WL 3609107, at *2 (W.D. Okla. July 31, 2024).  The Court adheres to its prior findings and rejects Plaintiff's argument.[3]  The Court finds Plaintiff has fair notice of the defense and discovery will provide the necessary details to Plaintiff.

---

[1] Affirmative defense number 1 is as follows: "To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error." *See* Answer [Doc. No. 6] at 5, ¶ 1.

[2] Whether the *Twombly*/*Iqbal* standard governs affirmative defenses is not settled and no Tenth Circuit authority has addressed the issue.  Absent any precedential authority, the Court declines to apply that standard.

[3] The Court finds that Plaintiff's reliance on the Supreme Court's decision in *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010) is misplaced as such decision did not address the pleading requirements for the bona fide error affirmative defense.

Upon review, the Court finds affirmative defense number 1 adequately apprises Plaintiff of the nature and substance of the defense raised.  The defense, therefore, will not be stricken.

IT IS THEREFORE ORDERED that is Plaintiff's Motion to Strike Affirmative Defenses [Doc. No. 8] is GRANTED as to Defendant's affirmative defense numbers 2, 3, 4, 5, and 6, and those affirmative defenses are STRICKEN.    The Motion is DENIED as to Defendant's affirmative defense number 1.

IT IS SO ORDERED this 17th day of June, 2026.

_____

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**